**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TESHAUNA ANAYA SMITH,

      Plaintiff,

v.                          Case No. 8:26-cv-1765-KKM-SPF

BAYCARE HEALTH SYSTEM,
INC. *d/b/a* WINTER HAVEN
HOSPITAL,

      Defendant.

_____

## ORDER

TeShauna Anaya Smith filed this action against her former employer BayCare Health System, Inc., in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida. *See* Compl. (Doc. 1–1). She brings claims for racial discrimination under Title VII, 42 U.S.C. § 1981, and the Florida Civil Rights Act, and for workers' compensation retaliation under Section 440.205, Florida Statutes. *See id.* BayCare removed the action to this Court, asserting federal question and supplemental jurisdiction. *See* Notice of Removal (Doc. 1). As BayCare acknowledges, I must sever and remand Smith's claim for workers' compensation retaliation. *Id.* at 2.

Under 28 U.S.C. § 1441(c)(1), a defendant may remove an action that includes both a claim arising under federal law and a claim "made

nonremovable by statue" as long as "the action would be removable" but for the inclusion of the nonremovable claim. In this situation, the district court must sever the nonremovable claims and remand them "to the State court from which the action was removed." *Id*. § 1441(c)(2).

Smith's claim for workers' compensation retaliation under Florida law is nonremovable under 28 U.S.C. § 1445(c). Absent this claim, this action would be removable. Accordingly, I must sever and remand the workers' compensation claim. *See Coleman v. C&S Wholesale Grocers, Inc.*, No. 19-20130-CIV, 2019 WL 13235811, at *3 (S.D. Fla. Aug. 26, 2019) ("Under 28 U.S.C. section 1441(c), district courts '*shall* sever' all claims made nonremovable by statute when, as here, they are initially removed as part of a civil case including a separate claim with federal question jurisdiction." (citation modified)).

Accordingly, the following is **ORDERED**:

1. Count IV of the Complaint (Doc. 1–1) is **SEVERED** from this action.

2. The Clerk is directed to **REMAND** Count IV to the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida.

**ORDERED** in Tampa, Florida, June 23, 2026.

Kathryn Kimball Mizelle
United States District Judge